IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYLER DUNKIN, as Administrator of the ESTATE OF DOUGLAS DUNKIN, deceased and in His Own Right,<br><br>Plaintiff,<br><br>v.<br><br>D.F. CHASE, INC., and PRECAST SERVICES, INC., and NITTERHOUSE MASONRY PRODUCTS, LLC, and NITTERHOUSE VENTURES, LLC, and NITTERHOUSE PROPERTIES, LP, and HUSQVARNA PROFESSIONAL PRODUCTS, INC.,<br><br>Defendants | CIVIL ACTION<br><br>NO: |

## **DEFENDANT, PRECAST SERVICES, INC.'S NOTICE FOR REMOVAL**

Defendant, Precast Services, Inc. (referred herein as "Removing Defendant"), by counsel, Fowler Hirtzel McNulty & Spaulding, LLP, hereby removes this action, which was pending in the Court of Common Pleas of Philadelphia County under Docket No. 220401629, to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1332, and 28 U.S.C. § 1441 *et seq.*, and in support thereof, avers as follows:

{W1435820.1}

I. **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

1. On April 20, 2022, Plaintiff filed a Complaint against 1) Removing Defendant; 2) D.F. Chase, Inc. ("D.F. Chase"); 3) Nitterhouse Masonry Products, LLC, 4) Nitterhouse Ventures, LLC; 5) Nitterhouse Properties, LP (collectively, the "Nitterhouse Defendants"); 4) Husqvarna Professional Products, Inc. ("Husqvarna") in the Court of Common Pleas of Philadelphia County, under docket No. 220401629. A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit "A".**

2. Per Plaintiff's Complaint, this matter arises from a construction project accident that occurred on August 28, 2020, in Carlisle, Pennsylvania. See Exhibit "A" at ¶ 28.

3. Plaintiff alleges his decedent, Douglas Dunkin was cutting wall paneling with a Husqvarna K 760 Cut-n-Break concrete saw, when the saw blade detached and fatally struck Mr. Dunkin in the neck. See Exhibit "A" at ¶¶ 37-39.

4. Plaintiff, Mr. Dunkin's Estate Administrator, resides at 4264 Thompson Road, Needmore, PA. See Exhibit "A" at ¶ 1, caption.

5. Plaintiff misidentified Removing Defendant as a Pennsylvania corporation or other business entity with a principal place of business as 1937 Vintage Drive, Easton, PA. See Exhibit "A" at ¶ 10, caption.

6. Removing Defendant is an Ohio business corporation with its principal place of business located at 8200 Boule Parkway, Twinsburg, OH 44087. A true

and correct copy of the Affidavit of Precast Services, Inc. President, Frank Zwiercan is attached hereto as **Exhibit "B"**.

7. Defendant, D.F. Chase, is a Tennessee corporation or other business entity with its principal place of business located at 3001 Armory Drive, Suite 200 Nashville, TN 37204. See Exhibit "A" at ¶ 7.

8. Defendant, Husqvarna, is a Delaware corporation or other business entity with its principal place of business located at 9335 Corners Parkway, Suite 500, Charlotte, NC 28269.

9. The Nitterhouse Defendants were dismissed by way of stipulation signed by counsel for all parties on July 28, 2022. A true and correct copy of the executed Stipulation to Dismiss the Nitterhouse Defendants is attached hereto as **Exhibit "C".**

10. Plaintiff brings claim for wrongful death and survival action and seeks damages "in excess of the jurisdictional threshold". See Exhibit "A" at ad addendum clause.

11. Plaintiff filed this action as a "Major Jury" case, which provides for unlimited recovery.

12. Based on the complaint, the harm allegedly suffered by Plaintiff, it is more likely than not that the amount in controversy is more than $75,000.00, exclusive of interest and costs.

{W1435820.1}

## II.     LEGAL ARGUMENT

### A.     Statement of Authority

13.    "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441.

14.    "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).

15.    This Honorable Court's original jurisdiction is based upon diversity of citizenship under 28 U.S.C. §1332 insofar as (1) all parties are of diverse citizenship at all times material hereto; and (2) Plaintiff's alleged damages are in excess of $75,000.

### B.     All Parties are of Diverse Citizenship

16.    For individuals, "[c]itizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" McCann v. George W. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006) (quoting Vlandis v. Kline, 412 U.S. 441, 454 (1973)).

{W1435820.1}

17. Plaintiff alleges that he is citizens of Pennsylvania, residing in Needmore, Pennsylvania.

18. A corporation is a citizen of the states in which it is incorporated and in which its principal place of business is located. 28 U.S.C. § 1332(c)(1).

19. Removing Defendant is an Ohio corporation with its principal place of business in Ohio.

20. Defendant, D.F. Chase, is a Tennessee corporation with its principal place of business in Tennessee.

21. Defendant, Husqvarna, is a Delaware corporation with its principal place of business in South Carolina.

22. As Plaintiffs are citizens of Pennsylvania and the remaining defendants are citizens of Ohio, Tennessee, Delaware, and South Carolina, the diversity of citizenship requirement under 28 U.S.C. §1332 has been met.

### C. **The Amount in Controversy Exceeds $75,000.00**

15. In addition to complete diversity, the amount-in-controversy must exceed $75,000.00. See 28 U.S.C. §1332(a).

16. When a case is removed on the basis of diversity jurisdiction,

> the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded[.]

{W1435820.1}

28. U.S.C. § 1446(c)(2)(A)(ii).

17. "[R]emoval of the action is proper on the basis of an amount in controversy asserted under [28 U.S.C. § 1446(c)(2)(A)(ii)] if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000.00, exclusive of interest and costs (for purposes of this case). 28 U.S.C. § 1446(c)(2)(B).

18. "The amount in controversy is not measured by the low end of an open ended claim, but rather by a reasonable reading of the value of the rights being litigated." Werwinski v. Ford Motor Co., 286 F.3d. 661, 666 (3d. Cir. 2002).

19. Plaintiff brings claim for wrongful death and survival action and seeks damages "in excess of the jurisdictional threshold". See Exhibit "A" ad addendum clause.

20. Plaintiff filed this action as a "Major Jury" case, which provides for unlimited recovery.

21. Based on the complaint, the harm allegedly suffered by Plaintiff, it is more likely than not that the amount in controversy is more than $75,000.00, exclusive of interest and costs.

22. Because the amount in controversy exceeds $75,000.00 and complete diversity exists among the non-fraudulently joined parties, this Court has diversity jurisdiction under 28 U.S.C. § 1332(a); and removal is proper.

{W1435820.1}

**D.     Removal to this Court is Proper.**

23.    A case must be removed to the district court and division thereof which embrace the place where the state-court action is pending. 28 U.S.C. § 1441(a).

24.    Philadelphia County is within the Eastern District of Pennsylvania; therefore, this Court is the proper Court for removal of this action.

**E.     The Procedural Requirements for Removal are Met.**

25.    A notice of removal must be filed within 30 days after receipt of the "initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b); see Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 221-23 (3d Cir. 2005).

13.    Removing Defendant was the last defendant served in this matter, on June 28, 2022. A true and correct copy of Plaintiff's Affidavit of Service is attached hereto as **Exhibit "D".**

14.    Moreover, the non-diverse defendants in this lawsuit, the Nitterhouse Defendants, were voluntarily dismissed on July 28, 2022.

15.    All Co-Defendants consent to the present removal of this case to this Court.

26.    This Notice of Removal is timely, because it is filed less than 30 days after service of the Complaint, or alternatively, less than 30 days after the dismissal of this matter's non-diverse defendants. See 28 U.S.C. § 1446(b)(3).

{W1435820.1}

27. Accordingly, the procedural requirements to remove this matter are met.

## III. JURY TRIAL DEMAND

28. Under Fed.R.Civ.P. 38(b)(1), Defendant demands trial by jury on all issues so triable.

## IV. RELIEF REQUESTED

36. As there is diversity of citizenship and the amount in controversy is in excess of $75,000.00, removal is proper under 28 U.S.C. §§ 1332 and 1441.

**WHEREFORE**, under 28 U.S.C. § 1441, Defendant respectfully petitions the Court for removal of the matter pending in the Philadelphia County Court of Common Pleas, at docket No. 220401629.

|  |  |
|---|---|
| Dated: July 28, 2022 | FOWLER HIRTZEL MCNULTY & SPAULDING, LLP<br><br>By:  /S/ ANDREW J. SPAULDING<br>**ANDREW J. SPAULDING, ESQUIRE**<br>**SAMUEL A. GARSON, ESQUIRE**<br>PA ID #: 88096<br>PA ID #: 324340<br>Fowler, Hirtzel, McNulty & Spaulding, LL<br>1717 Arch Street., Suite 1310<br>Philadelphia, PA 19103<br>P: 215-789-4848<br>F: 215-613-4994<br>E: apaulding@fhmslaw.com<br>E: sgarson@fhmslaw.com<br>**Attorneys for Defendant, Precast Services, Inc.** |

{W1435820.1}