# EXHIBIT A

**SALTZ MONGELUZZI & BENDESKY, P.C.**
BY: ROBERT J. MONGELUZZI/ANDREW R. DUFFY/
MICHAEL A. BUDNER/AIDAN B. CARICKHOFF          ATTORNEYS FOR PLAINTIFF
IDENTIFICATION NO. 36283/77121/314776/330394
52ND FLOOR
1650 MARKET STREET
PHILADELPHIA, PA  19103
(215) 496-8282

| | |
|---|---|
| **TYLER DUNKIN, as Administrator of the ESTATE OF DOUGLAS DUNKIN, deceased and in His Own Right** | **PHILADELPHIA COUNTY COURT OF COMMON PLEAS LAW DIVISION** |
| *Plaintiff,* | **APRIL TERM, 2022** |
| *vs.* | **NO. 1629** |
| **D.F. CHASE, INC., PRECAST SERVICES, INC., NITTERHOUSE MASONRY PRODUCTS, LLC, NITTERHOUSE VENTURES, LLC, NITTERHOUSE PROPERTIES, LP** *And* **HUSQVARNA PROFESSIONAL PRODUCTS, INC.** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## PRAECIPE TO REINSTATE COMPLAINT

TO THE PROTHONOTARY:

    Kindly reinstate the Complaint in the above-captioned matter.

                    **SALTZ MONGELUZZI & BENDESKY, P.C.**

              BY:   */s/ Robert J. Mongeluzzi*
              _____

                    ROBERT J. MONGELUZZI
                    ANDREW R. DUFFY
                    MICHAEL A. BUDNER
                    AIDAN B. CARICKHOFF

                    *Attorneys for Plaintiff*

Dated: June 15, 2022

**SALTZ MONGELUZZI & BENDESKY, P.C.**
BY: ROBERT J. MONGELUZZI/ANDREW R. DUFFY/
MICHAEL A. BUDNER/AIDAN B. CARICKHOFF
IDENTIFICATION NO. 36283/77121/314776/330394
52ND FLOOR
1650 MARKET STREET
PHILADELPHIA, PA  19103
(215) 496-8282



*Filed and Attested by the
Office of Judicial Records*
ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| **TYLER DUNKIN, as Administrator of the**<br>**ESTATE OF DOUGLAS DUNKIN, deceased**<br>**and in His Own Right**<br>4264 Thompson Road<br>Needmore, PA 17238<br><br>*Plaintiff,*<br><br>*vs.*<br><br>**D.F. CHASE, INC.**<br>5930 Hamilton Boulevard, Suite 10<br>Allentown, PA 18106<br><br>*And*<br><br>**PRECAST SERVICES, INC.**<br>1937 Vintage Drive<br>Easton, PA 18045<br><br>*And*<br><br>**NITTERHOUSE MASONRY**<br>**PRODUCTS, LLC**<br>859 Cleveland Avenue<br>Chambersburg, PA 17201<br><br>*And*<br><br>**NITTERHOUSE VENTURES, LLC**<br>900 Kriner Road, Suite 1<br>Chambersburg, PA 17202<br><br>*And*<br><br>**NITTERHOUSE PROPERTIES, LP**<br>900 Kriner Road, Suite 1<br>Chambersburg, PA 17202 | **PHILADELPHIA COUNTY**<br>**COURT OF COMMON PLEAS**<br>**LAW DIVISION**<br><br>**OCTOBER TERM, 2021**<br><br>**NO.**<br><br>**JURY TRIAL DEMANDED** |



Case ID: 220401629

*And*

**HUSQVARNA PROFESSIONAL
PRODUCTS, INC.**
9335 Harris Corners Parkway, Suite 500
Charlotte, NC  28269

*Defendants.*

| "NOTICE | "AVISO |
|---|---|
| "You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by  entering a written appearance personally or by an attorney and filing in writing with the court your  defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgement may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you. | "Le han demandado en corte.  Si usted quiere defenderse contra las demandas nombradas en las páginas siguientes, tiene veinte (20) días, a partir de recibir esta  demanda y la notificación para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea avisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir culquier otra demanda o alivio solicitados por el demandante.  Usted puede perder dinero o propiedad u otros derechos importantes para usted. |
| "YOU SHOULD TAKE THIS PAPER TO YOUR  LAWYER AT ONCE.  IF YOU  DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE.  SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PARGAR A UN ABOGADO), VAYA EN PERSONA O LLAME  POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL.  ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO. |
| THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. | SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO. |
| PHILADELPHIA BAR ASSOCIATION<br>LAWYER REFERRAL and INFORMATION SERVICE<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-1701" | ASSOCIACION DE LICENDIADOS DE FILADELFIA<br>SERVICO DE REFERENCA E INFORMACION LEGAL<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>Telefono: (215) 238-1701" |

## COMPLAINT – CIVIL ACTION

1.      Plaintiff, Tyler Dunkin, is an adult individual and resident of the Commonwealth of Pennsylvania residing at the above captioned address.

2.      Tyler Dunkin, is the Administrator of the Estate of Douglas Dunkin, deceased.  A copy of the Letters of Administration for the Estate of Douglas Dunkin is attached as **Exhibit A**.

3.      Plaintiff's decedent, Tyler Dunkin, died on August 28, 2020 at the age of 55.

2

Case ID: 220401629

4.      At the time of his death, and at all times relevant hereto, Douglas Dunkin was a resident of the Commonwealth of Pennsylvania.

5.      No other actions were commenced during Mr. Dunkin's life in connection with the events that caused his death.

6.      Under 42 Pa. C.S. § 8301(b), Douglas Dunkin's beneficiaries are:

- Tyler Dunkin (son, born 9/24/1995), residing at the above captioned address; and

- J.D., a minor (daughter, born 10/18/2006), residing at 500 Raystown Road, Everett, PA 15537.

7.      Defendant, D.F. Chase, Inc. ("D.F. Chase"), is a corporation or other business entity organized and existing under the laws of the State of Tennessee, with an agent for service of process located at the above captioned address.

8.      At all relevant times, Defendant D.F. Chase was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency, service, and/or employment with D.F. Chase.

9.      Defendant D.F. Chase has purposely established significant contacts in Pennsylvania, and has carried out, and continues to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Philadelphia County.

10.      Defendant, Precast Services, Inc. ("PSI"), is a corporation or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at the above captioned address.

Case ID: 220401629

**11.**     At all relevant times, Defendant PSI was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency, service and/or employment with Defendant PSI.

**12.**     Defendant PSI has purposely established significant contacts in Pennsylvania, and has carried out, and continues to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Philadelphia County.

**13.**     Defendant PSI openly advertises on its company Facebook page that it engages in large, profit-generating construction products within Philadelphia County:[1]



---

[1] https://www.facebook.com/Precastservices/posts/wrapping-up-precast-erection-at-boulevard-logistics-in-philadelphia-pa-this-proj/2917649084988346/

Case ID: 220401629

14.     Defendant, Nitterhouse Masonry Products LLC, is a corporation or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at the above captioned address.

15.     At all relevant times, Defendant Nitterhouse Masonry Products LLC was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency, service and/or employment with Defendant Nitterhouse Masonry Products LLC.

16.     Defendant Nitterhouse Masonry Products LLC has purposely established significant contacts in Pennsylvania, and has carried out, and continues to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Philadelphia County.

17.     Defendant, Nitterhouse Ventures LLC, is a corporation or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at the above captioned address.

18.     At all relevant times, Defendant Nitterhouse Ventures LLC was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency, service and/or employment with Defendant Nitterhouse Ventures LLC.

19.     Defendant Nitterhouse Ventures LLC has purposely established significant contacts in Pennsylvania, and has carried out, and continues to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Philadelphia County.

Case ID: 220401629

20.     Defendant, Nitterhouse Properties LP, is a corporation or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at the above captioned address.

21.     At all relevant times, Defendant Nitterhouse Properties LP was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency, service and/or employment with Defendant Nitterhouse Properties LP.

22.     Defendant Nitterhouse Properties LP has purposely established significant contacts in Pennsylvania, and has carried out, and continues to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Philadelphia County.

23.     Defendants Nitterhouse Concrete Products, Inc., Nitterhouse Masonry Products LLC, Nitterhouse Ventures LLC, and Nitterhouse Properties LP are hereinafter collectively referred to as the "Nitterhouse Defendants."

24.     Defendant, Husqvarna Professional Products, Inc. ("Husqvarna"), is a corporation or other business entity organized and existed under the laws of the State of Delaware with a principal place of business located at the above captioned address.

25.     At all relevant times, Defendant Husqvarna was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency, service and/or employment with Husqvarna.

26.     Defendant Husqvarna has purposely established significant contacts in Pennsylvania, and has carried out, and continues to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Philadelphia County.

6

Case ID: 220401629

27.    The Pennsylvania Superior Court, in an *en banc* binding, published opinion has already determined that venue over Husqvarna Professional Products, Inc. is proper in Philadelphia County. *See Hangey v. Husqvarna Professional Products, Inc.*, 247 A.3d 1136 (Pa. Super. 2021).

## FACTS

28.    On August 28, 2020, Douglas Dunkin was killed while working on a new construction project at or near 80 Roadway Drive, Carlisle, PA 17013 (hereinafter, "the Project").

29.    At all relevant times, Mr. Dunkin was lawfully on the premises of the Project as a business invitee, to whom the Defendants owed the highest duty of care.

30.    On August 28, 2020, Mr. Dunkin, while acting within the course and scope of his employment, was performing construction work on the Project.

31.    At all relevant times, Defendant D.F. Chase was the general contractor and/or construction manager in charge of the Project.

32.    At all relevant times, Defendants PSI and the Nitterhouse Defendants were contractors on the Project and provided general construction services.

33.    At all relevant times, Defendants D.F. Chase, PSI, and the Nitterhouse Defendants controlled and/or were responsible for the work and the supervision of the work being performed at the Project and were responsible for the safety of workers at the Project, such as Plaintiff.

34.    At all relevant times, Defendants D.F. Chase, PSI, and the Nitterhouse Defendants maintained control over the safety of the worksite and inspected, supervised, and supplied materials, equipment and personnel for the Project.

7

35.      Defendants had a duty to provide workers such as Mr. Dunkin with a safe place to work, including a duty to inspect the work being performed and the equipment being utilized by workers.

36.      Defendants had a duty to provide workers such as Mr. Dunkin with proper equipment to safely perform their job duties and ensure such equipment was used safely and properly.

37.      At the time of the accident, Mr. Dunkin was cutting wall paneling with a Husqvarna K 760 Cut-n-Break concrete saw ("the subject saw"), which was designed, manufactured, and sold by Defendant Husqvarna.

38.      Suddenly and without warning, the subject saw kicked back.

39.      The saw blade detached from the subject saw, flew at Mr. Dunkin, and struck him in the neck.

40.      Mr. Dunkin's injuries were fatal.

41.      An autopsy report confirms that Mr. Dunkin was killed by severe blood loss caused by a traumatic neck laceration.

42.      The subject saw lacked a guard and/or lacked an adequate guarding mechanism.

43.      The subject saw lacked an anti-kickback device and/or lacked an adequate anti-kickback device.

44.      Prior to August 28, 2020, Defendants knew or should have known that workers on the Project such as Mr. Dunkin were regularly required to cut wall paneling.

45.      Prior to August 28, 2020, Defendants knew or should have known that, because workers were regularly required to cut wall paneling, proper tools and/or equipment to cut the wall paneling was required to be provided to workers, including Mr. Dunkin.

Case ID: 220401629

46.     Prior to August 28, 2020, Defendants knew or should have known that workers cutting wall paneling would be exposed to a hazardous and unsafe working condition and an unreasonable risk of catastrophic injury if they were not provided with the proper tools and/or equipment to cut wall paneling.

47.     Despite this knowledge, Defendants failed to provide Mr. Dunkin with proper tools and/or equipment to cut the wall paneling, thus knowingly exposing Mr. Dunkin to an unreasonable risk of catastrophic injury.

48.     Prior to August 28, 2020, Defendants knew or should have known of the unsafe working conditions at the Project and had a duty to warn workers and safeguard workers, such as Mr. Dunkin, from the dangers posed by the unsafe working conditions.

49.     Despite this knowledge, Defendants failed to warn and safeguard workers, such as Mr. Dunkin, from the dangers posed by the unsafe working conditions existing on the Project at the time of the accident, thus knowingly exposing Mr. Dunkin to an unreasonable risk of catastrophic injury.

50.     Solely and as a direct result of the carelessness, negligence and/or other liability producing conduct of Defendants, Plaintiff's decedent Douglas Dunkin sustained injuries that led to his death; he sustained conscious pain and suffering and fear of impending death; has sustained a permanent loss of earnings and loss of earning capacity; he has sustained permanent loss of enjoyment of life, loss of life's pleasures and loss of life's hedonic pleasures; he has been permanently prevented from performing all of his usual duties, occupations, recreational activities and avocations all to his and his beneficiaries' loss and detriment.

Case ID: 220401629

51.     Plaintiff avers that his injuries and damages were caused solely by the acts of Defendants jointly and/or individually and/or through their joint and individual agents, servants, workmen and/or employees as hereinbefore and hereinafter set forth.

### COUNT I – NEGLIGENCE
### PLAINTIFF v. D.F. CHASE, PSI and NITTERHOUSE DEFENDANTS

52.     Plaintiff incorporates all preceding paragraphs in this Complaint here by reference.

53.     At all relevant times, Defendant D.F. Chase was the general contractor and/or construction manager on the Project.

54.     At all relevant times, Defendant D.F. Chase possessed, controlled and/or supervised the Project site and the work on the Project.

55.     At all relevant times, Defendant PSI and the Nitterhouse Defendants were contractors on the Project.

56.     At all relevant times Defendants D.F. Chase, PSI, and the Nitterhouse Defendants undertook the supervision of the work being performed at the Project, and in connection therewith, established plans, recommendations, designs, procedures, and specifications for the performance of said work.

57.     At all relevant times, Defendants D.F. Chase, PSI, and the Nitterhouse Defendants maintained control over the safety of the worksite and inspected, supervised and/or supplied materials, equipment, and personnel for the Project.

58.     Defendants D.F. Chase, PSI, and the Nitterhouse Defendants, having undertaken the inspection and supervision of the work, owed a duty to those persons engaged in the performance of said work, including Mr. Dunkin, a business invitee, to provide a reasonably safe

Case ID: 220401629

environment, free from unreasonable and dangerous hazards, within which to perform the construction work.

59.     Defendants D.F. Chase, PSI, and the Nitterhouse Defendants had a duty to adopt, promulgate and enforce proper, adequate, necessary, and appropriate standards, guidelines and procedures for the establishment and maintenance of workplace and work site safety for the protection of the construction personnel, including Mr. Dunkin.

60.     At all relevant times, Defendants D.F. Chase, PSI, and the Nitterhouse Defendants, individually, jointly and/or severally, maintained certain responsibilities and obligations for the Project, including responsibilities for keeping said Project free from hazards, the responsibility not to create dangerous conditions by their activities thereon, and to implement and enforce all safety precautions, including, but not limited to, assuring that adequate safety equipment and procedures were in place, warning contractors and subcontractors about safety hazards, providing workers with the proper tools to perform their work, providing workers with safe tools, and ensuring that the work was being performed to meet all applicable safety rules and regulations, in conformance with best practices in the construction industry.

61.     Defendants D.F. Chase, PSI, and the Nitterhouse Defendants, by and through their agents, servants, workmen and/or employees, acted negligently, carelessly and/or recklessly, both generally and in the following respects:

  a)  failing to provide Plaintiff a safe place in which to work;

  b)  failing to provide and/or ensure workers at the Project, such as Plaintiff, had appropriate and/or safe tools when cutting wall paneling;

  c)  failing to provide and/or ensure workers that the tools given to workers on the Project, such as Plaintiff, were the right tools for the job;

  d)  failing to provide Plaintiff with a guarded and/or adequately guarded saw;

  e)  failing to provide Plaintiff with a table saw and/or otherwise stable saw with which to cut wall paneling;

11

Case ID: 220401629

f) failing to implement and/or enforce adequate fall prevention policies and procedures to protect workers from kickback hazards at the Project;

g) providing Plaintiff with a dangerous and defective product;

h) providing Plaintiff with the subject saw even though Defendants knew the saw lack an anti-kickback device and/or lack an adequate anti-kickback device;

i) providing Plaintiff with the subject saw even though Defendants knew the saw lacked a guard and/or lacked an adequate guard;

j) providing Plaintiff with the subject saw which was prone to kickback failure;

k) providing Plaintiff with the subject saw whose blade was prone to dislodging;

l) allowing workers such as Plaintiff to use an unguarded and/or inappropriate saw, despite knowing that workers were required to use a saw to perform their job duties;

m) failing to enforce and/or train all employees, contractors, subcontractors, material suppliers and others engaged on the Project on proper and safe cutting techniques and procedures;

n) failing to provide workers on the Project, including Plaintiff, with the product safety manual for the subject saw;

o) failing to ensure workers such as Plaintiff were provided adequate and explicit warnings regarding the significant dangers associated with using the subject saw and/or the risk of kickback when using the subject saw to cut wall paneling;

p) failing to properly develop, plan, plot, design, coordinate, supervise, inspect, maintain, manage, sequence and control the construction work and the construction site premises;

q) failing to properly inspect or require that others under their control inspect the Project thoroughly and regularly to identify, remedy and post warnings about dangerous and hazardous conditions;

r) breaching their duties under the Restatement (Second) of Torts, including but not limited to §§323, 324(a), 341A, 343, 384, 402A, 412, 413, 414, 416, 422, 423, 424, 427, 427A and 496D;

s) failing to properly train, supervise, manage and equip their employees;

t) failing to hire competent employees, safety inspectors, contractors, subcontractors, advisors, managers, equipment providers, material suppliers and others to assure a safe workplace free of hazards;

u) failing to warn Plaintiff, a business invitee, of the peculiar, dangerous and/or unsafe conditions existing upon the construction site premises;

Case ID: 220401629

v) exposing Plaintiff, a business invitee, to unreasonable danger by failing to adopt, enact, employ and enforce proper and adequate safety programs, precautions, procedures, training, supervision, measures and plans;

w) violating and failing to comply with all federal and state statutes, local ordinances, and all other rules, enactments or regulations applicable, or in effect, be they administrative, industry-wide or otherwise pertaining to the performance of construction work, including but not limited to applicable OSHA regulations;

x) performing and furnishing construction services in a wholly inadequate, unsafe and negligent manner;

y) failing to assure that a "Competent Person" who is capable of identifying existing and predictable hazards in the surroundings or working conditions which are unsanitary, hazardous, or dangerous to employees, and who has authorization to take prompt corrective measures to eliminate them is present on the construction site and in a position of authority at all times;

z) failing to properly supervise the planning, coordination, scheduling, sequencing and performance of the construction work, including the work of all contractors, subcontractors, material suppliers and others engaged on the Project site;

aa) failing to cease and/or postpone construction work until proper and necessary precautions could be taken to safeguard business invitees including Plaintiff; and

bb) failing to ensure the work was being done in a safe manner at all times.

**62.** By reason of the carelessness, negligence, gross negligence, recklessness and other liability-producing conduct of Defendants D.F. Chase, PSI, and the Nitterhouse Defendants, as aforesaid, Plaintiff has sustained serious and fatal injuries as more fully set forth above and incorporated by reference here.

**63.** By conducting themselves as set forth above, Defendants D.F. Chase, PSI, and the Nitterhouse Defendants' acts and/or omissions were a substantial factor in, a factual cause of, and/or increased the risk of Douglas Dunkin's fatal injuries.

**WHEREFORE**, Plaintiff, claims of Defendants, D.F. Chase, Inc., Precast Services, Inc., Nitterhouse Concrete Products, Inc., Nitterhouse Masonry Products LLC, Nitterhouse Ventures LLC, and Nitterhouse Properties LP, jointly and/or severally, sums in excess of the jurisdictional

Case ID: 220401629

threshold in damages, exclusive of interest, costs, and delay damages pursuant to Pa.R.C.P. §238, and brings this action to recover the same.

## COUNT II – STRICT PRODUCTS LIABILITY
## PLAINTIFF v. HUSQVARNA

**64.** Plaintiff incorporates all preceding paragraphs in this Complaint here by reference.

**65.** Defendant Husqvarna is in the regular business of designing, assembling, manufacturing, distributing, selling and/or supplying equipment such as the subject Husqvarna K 760 Cut-n-Break saw.

**66.** Defendant Husqvarna marketed and/or placed the subject saw involved in Mr. Dunkin's accident into the general stream of commerce.

**67.** The subject saw was distributed, sold, and/or supplied by Defendant Husqvarna in a defective condition because of its unsafe and improper construction and design.

**68.** Specifically, the subject saw was defective in that it was subject to kickback failure, the saw's blade was subject to dislodging, the saw lacked an anti-kickback device and/or lacked an adequate anti-kickback device, and the saw lacked a guard and/or lacked an adequate guard.

**69.** The subject saw was expected to and did reach end users, including Mr. Dunkin, without substantial change in the condition in which it was designed, assembled, manufactured, sold, and/or supplied by Defendant Husqvarna.

**70.** At all relevant times, the subject saw was used and employed for the purpose for which it was designed and manufactured and was used in a foreseeable manner.

**71.** The subject saw was in a defective condition as: (1) the dangers associated with the product were unknowable and unacceptable to the average or ordinary consumer; and/or (2) a

Case ID: 220401629

reasonable person would conclude that the probability and seriousness of the harm posed by the subject saw outweighed the burden or costs of taking precautions.

72.     The subject saw's defective condition was a cause of the fatal injuries Mr. Dunkin suffered.

73.     Defendant Husqvarna is strictly liable to Plaintiff for the injuries and damages suffered as a result of this accident.

**WHEREFORE**, Plaintiff claims of Defendant, Husqvarna Professional Products, Inc., jointly and/or severally, sums in excess of the jurisdictional threshold in damages, exclusive of interest, costs, and delay damages pursuant to Pa.R.C.P. §238, and brings this action to recover the same.

## COUNT III – NEGLIGENCE
## PLAINTIFF v. HUSQVARNA

74.     Plaintiff incorporates all preceding paragraphs in this Complaint here by reference.

75.     Defendant Husqvarna's negligence, gross negligence, carelessness, and recklessness caused Mr. Dunkin's fatal injuries and death in the following particular respects:

   a.  failing to design and/or utilize proper designs for the manufacture, assembly, sale, and distribution of the subject saw so as to minimize the risk of injury or death to persons working in conjunction with and/or in and around the subject saw;

   b.  failing to direct and require manufactures/assemblers to adhere to applicable safety regulations and standards;

   c.  failing to adequately inform and warn purchasers and ultimate users of the subject saw of the risk of kickback and blade dislodgment hazards created by the operation and use of the subject saw;

   d.  designing, assembling, manufacturing, selling, supplying and distributing a product in a defective condition;

Case ID: 220401629

e.  designing, assembling, manufacturing, selling, supplying and distributing a product that was unreasonably dangerous to the user;

f.  designing, assembling, manufacturing, selling, supplying and distributing a product which was not reasonably fit, suitable or safe for its intended and represented purpose;

g.  designing, assembling, manufacturing, selling, supplying and distributing a product which lacked all necessary safety features to protect users of said product;

h.  designing, assembling, manufacturing, selling, supplying and distributing a product which could be designed more safely;

i.  designing, assembling, manufacturing, selling, supplying and distributing a product without appropriate devices to permit safe cutting of wall paneling;

j.  failing to incorporate safety measures into the product that would have prevented the risk of injury or death to its operators and users;

k.  designing, assembling, manufacturing, selling, supplying and distributing a product that is prone to kickback;

l.  designing, assembling, manufacturing, selling, supplying and distributing a product whose blade is prone to becoming dislodged;

m.  designing, assembling, manufacturing, selling, supplying and distributing a product that lacked an anti-kickback device and/or lack an adequate anti-kickback device;

n.  designing, assembling, manufacturing, selling, supplying and distributing a product that lacked a guard and/or lacked an adequate guard;

o.  failing to adequately and properly test said product after its design and/or assembly under reasonably foreseeable circumstances; and

p.  failing to recall and/or retrofit the front wheel loader with safety measures that would have prevented the risk of injury or death to its operators and users.

**76.**   As a result of Defendant's negligence, gross negligence, carelessness, and recklessness, Mr. Dunkin was caused to sustain fatal injuries and death as set forth above.

**WHEREFORE**, Plaintiff claims of Defendant, Husqvarna Professional Products, Inc., jointly and/or severally, sums in excess of the jurisdictional threshold in damages, exclusive of

Case ID: 220401629

interest, costs, and delay damages pursuant to Pa.R.C.P. §238, and brings this action to recover the same.

## COUNT IV – BREACH OF WARRANTY
## PLAINTIFF v. HUSQVARNA

**77.** Plaintiff incorporates all preceding paragraphs in this Complaint here by reference.

**78.** In designing, manufacturing, fabricating, marketing, promoting, selling, distributing, delivering, installing and/or supplying the subject saw and its component parts, Defendant Husqvarna warranted, both expressly and impliedly, that the subject saw was safe from defects, of merchantable quality, and fit and safe for their intended use and the ordinary purposes for which it was sold.

**79.** Defendant warranted and represented that the subject saw was designed, manufactured, distributed, marketed, assembled, tested, supplied and/or sold in a proper manner, reasonably fit, safe and suitable for the use for which it was intended.

**80.** The subject saw was not designed, manufactured, marketed, assembled, supplied, sold and/or tested in a proper manner, reasonably fit, safe and suitable for the use intended and, as a result, Defendant breached the implied and expressed warranty of merchantability.

**81.** Defendant breached the aforesaid warranties, both express and implied, by providing Plaintiff with the defective and unsafe subject saw, as more fully described above, which was unmerchantable and unfit for the ordinary purpose for which it were intended.

**82.** Defendant's breach of the implied warranty of merchantability was a substantial factor in causing, a factual cause of, and/or increased the risk of Mr. Douglas's serious, debilitating and fatal injuries.

Case ID: 220401629

**WHEREFORE**, Plaintiff claims of Defendant, Husqvarna Professional Products, Inc., jointly and/or severally, sums in excess of the jurisdictional threshold in damages, exclusive of interest, costs, and delay damages pursuant to Pa.R.C.P. §238, and brings this action to recover the same.

## COUNT V – WRONGFUL DEATH ACTION
### PLAINTIFF v. ALL DEFENDANTS

**83.** Plaintiff incorporates all preceding paragraphs in this Complaint here by reference.

**84.** Plaintiff Tyler Dunkin brings this action as Administrator of the Estate of Douglas Dunkin, on behalf of those entitled by law to recover for his wrongful death, under and by virtue of 42 Pa. C.S.A. § 8301, *et seq*, commonly known as the Pennsylvania Wrongful Death Act.

**85.** No action for damages was brought by Douglas Dunkin during his lifetime as a result of the accident at issue in this case.

**86.** Plaintiff Tyler Dunkin claims damages for the pecuniary loss suffered by decedent's beneficiaries by reason of the death of Douglas Dunkin, and specifically for reimbursement of medical expenses, funeral expenses, and expenses of administration.

**87.** Plaintiff Tyler Dunkin, individually and as Administrator of the estate of Douglas Dunkin, claims for decedent's beneficiaries' damages resulting from the deprivation of comfort, aid, assistance, society and the loss of guidance and tutelage to his beneficiaries due to his death.

**88.** The acts and omissions set forth herein were done in a negligent, grossly negligent, willful, reckless and wanton fashion, with a conscious indifference to the rights of members of the public generally, and decedent in particular.

18

Case ID: 220401629

**WHEREFORE**, Plaintiff claims of Defendants, jointly and/or severally, sums in excess of the jurisdictional threshold in damages, exclusive of interest, costs, and delay damages pursuant to Pa.R.C.P. §238, and brings this action to recover the same.

### COUNT VI – SURVIVAL ACTION
### PLAINTIFF v. ALL DEFENDANTS

**89.** Plaintiff incorporates all preceding paragraphs of this complaint here by reference.

**90.** Plaintiff, Tyler Dunkin, Administrator of the Estate of Douglas Dunkin, brings this action under and by virtue of 42 Pa. C.S.A. § 8302, commonly known as the Pennsylvania Survival Act.

**91.** The Estate of Douglas Dunkin claims damages for pain and suffering, embarrassment, humiliation, disfigurement, and loss of enjoyment of life undergone by the decedent as a result of the Defendants' tortuous conduct, up to and including the time of death, and damages for the amount that Douglas Dunkin would have earned from the date of his death to the end of his life expectancy.

**92.** The acts and omissions set forth herein were done in a negligent, grossly negligent, willful, reckless and wanton fashion, with a conscious indifference to the rights of members of the public generally, and decedent in particular.

**WHEREFORE**, Plaintiff claims of Defendants, jointly and/or severally, sums in excess of the jurisdictional threshold in damages, exclusive of interest, costs, and delay damages pursuant to Pa.R.C.P. §238, and brings this action to recover the same.

**SALTZ MONGELUZZI & BENDESKY, P.C.**

BY:   _/s/ Robert J. Mongeluzzi_

Case ID: 220401629

ROBERT J. MONGELUZZI
ANDREW R. DUFFY
MICHAEL A. BUDNER
AIDAN B. CARICKHOFF

*Attorneys for Plaintiff*

Date:   April 20, 2022

20

Case ID: 220401629

## **VERIFICATION**

The averments or denials of fact contained in the foregoing are true based upon the signer's personal knowledge or information and belief.  If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true.  This Verification is made subject to the penalties of the 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

_____

Tyler Dunkin, Administrator of the Estate of Douglas Dunkin

Date: 04/01/2022

20